IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                            :
DEN BE ex rel. DENNIS BELL, :        HON. JEROME B. SIMANDLE
JR.,                        :
                            :        Civil No. 07-1588 (JBS)
              Plaintiff,    :
                            :
      v.                    :        MEMORANDUM OPINION
                            :
HAMILTON TOWNSHIP MUNICIPAL :
COURT, et al.,              :
                            :
              Defendants.   :
                            :
```

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's motion seeking relief pursuant to Rule 60(b)(1), Fed. R. Civ. P., from the Court's Order dismissing his Complaint without prejudice [Docket Item 5].  THIS COURT FINDS AS FOLLOWS:

1.  Plaintiff, proceeding pro se, filed this lawsuit on April 4, 2007, naming as Defendants the Hamilton Township Municipal Court, Judge H. Robert Switzer, Egg Harbor Township Municipal Court, and Patrolman Thomas Rocco [Docket Item 1].  In his Complaint, Plaintiff alleges that his constitutional rights were violated when Judge Switzer issued a warrant for his arrest which Patrolman Rocco executed on November 25, 2006.  According to Plaintiff, he was en route to his first day of work at a new job when he was arrested and lost his job as a result of the arrest.

2.  This Court reviewed Plaintiff's Complaint, as 28 U.S.C.

§ 1915(e)(2) requires in cases where litigants seek to proceed in

forma pauperis, to determine whether "the action or appeal is

frivolous or malicious; fails to state a claim on which relief

may be granted; or seeks monetary relief against a defendant who

is immune from such relief."  On April 20, 2007, the Court

entered an Order Requesting Supplemental Information [Docket Item

3] from Plaintiff regarding the sufficiency of his pleadings.  In

its Order, the Court explained:

> Clarification of Plaintiff's allegations is required
> because it presently appears that he has sued entities or
> persons which are immune from suit.  Municipal court
> judges and their courts are generally immune from
> liability arising from the performance of judicial
> functions.  See Mireles v. Waco, 502 U.S. 9, 11 (1991);
> Figueroa v. Blackburn, 208 F.3d 435, 440-43 (3d Cir.
> 2000).  If the actions complained of, such as the
> issuance of an arrest warrant by the court, were
> performed during the course of a judicial proceeding,
> these defendants are immune from monetary liability . .
> . .
>
> Accordingly, Plaintiff's allegations against these
> entities will be dismissed unless he can establish and
> allege that the warrant for arrest was not issued as part
> of any criminal case against him.  Plaintiff shall
> respond within fourteen (14) days by providing the
> caption of any such case and a copy of the criminal
> complaint, summons or other charges, as well as any other
> orders or judgments issued by the court in such case . .
> . .
>
> Similarly, this Court must require supplemental
> information with regard to Plaintiff's allegations
> against Patrolman Rocco.  What exactly is the allegation
> against Patrolman Rocco in terms of the alleged violation
> of Plaintiff's constitutional rights? This clarification
> is also required to be submitted within fourteen (14)
> days of the date this Order is entered.

(Docket Item 3 at 2-3.)  Plaintiff provided no such

clarification, and made no other submissions within the fourteen-day period, and on May 17, 2007, the Court entered an Order dismissing Plaintiff's Complaint without prejudice [Docket Item 4].

3.   On April 25, 2008 – more than a year after the Court entered its Order Requesting Supplemental Information, and nearly a year after the Complaint was dismissed without prejudice – Plaintiff filed a motion [Docket Item 5] requesting relief from the Court's May 17, 2007 Order pursuant to Rule 60(b)(1), Fed. R. Civ. P.  In his submission, Plaintiff states that he "mistakenly and inadvertently failed to clarify [his] allegations . . . because of [his] heedlessness" and admits that his "actions or lack of action was reckless and inconsiderate of the order sat on the 20th day of April 2007." (Pl.'s Br. at 1.)  Plaintiff does not offer any explanation, apart from "heedlessness," for waiting for more than a year to seek to clarify his pleadings.

4.   For the reasons now explained, the Court will deny Plaintiff's motion.  Initially, the Court addresses whether Rule 60(b) is applicable to the Court's May 17, 2007 Order, which dismissed the Complaint without prejudice.  It is well-established that "by its terms, Rule 60(b) applies only to final judgments [and orders]." Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991).  As the Court of Appeals has recognized, an order dismissing a complaint without prejudice ordinarily does

3

not constitute a final order.  Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002).  If, however, "the plaintiff no longer can amend the complaint because . . . the statute of limitations has run," then the dismissal is considered a final order.  Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J., 907 F.2d 1408, 1416 (3d Cir. 1990); see also Ahmed, 297 F.3d at 207.  Plaintiff complains of allegedly unlawful conduct that transpired on November 25, 2006.  (Docket Item 1 at 3.)  "For section 1983 actions in New Jersey, that statute is N.J.S.A. 2A: 14-2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006) (internal quotations and citations omitted).  Because Plaintiff would be time-barred from refiling a complaint in this action, the Court agrees with Plaintiff that its Order of dismissal now constitutes a final order, Newark Branch, N.A.A.C.P., 907 F.2d at 1416, to which Rule 60(b) applies.  Mallory, 922 F.2d at 1277.

        5.  Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P.

60(b).[1]  As the Court of Appeals has explained,

> the determination whether a party's neglect is "excusable" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.  The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."   [Pioneer Investment Services v. Brunswisk Assoc., 507 U.S. 380, 395 (1993)].

George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004).

6.  Plaintiff's motion will be denied for two related reasons.  First, the Court finds that his motion was not filed within a reasonable time.  Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  As numerous authorities have recognized, "the one-year period [provided by Rule 60(c)] represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired."  Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610

---

[1]  Plaintiff has identified no "litigation mistake[s]" or shown that the undersigned "has made a substantive mistake of law or fact," and so the Court addresses the merits of his motion under Rule 60(b)(1)'s "excusable neglect" standard.  See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999).

5

(7th Cir. 1986) (quoting Wright & Miller, Federal Practice and Procedure, Civil § 2866, p. 232) (internal quotations omitted). Plaintiff filed the instant motion twenty-two days shy of this extreme limit, and provided no explanation, apart from "heedlessness," (Pl.'s Br. at 1), for waiting 343 days to attempt to clarify his allegations.  Even judging the timeliness of Plaintiff's motion under a relaxed standard in view of his pro se status, the Court cannot find that the 343-day delay in this matter, for no reason apart from Plaintiff's self-acknowledged "reckless[ness]," (id.), was "reasonable" under Rule 60(c).

7.  Additionally, even if the Court were to examine Plaintiff's motion on its merits, Plaintiff's neglect was not "excusable."  Fed. R. Civ. P. 60(b)(1).  None of the factors identified in Pioneer militate in favor of such a finding. First, there is a "danger of prejudice" to Defendants at having to defend against Plaintiff's now-time-barred claims.[2]  Pioneer, 507 U.S. at 395.  Moreover, as the Court explained, supra, the

---

[2]  The Supreme Court recently emphasized this point:

> Statutes of limitations serve a policy of repose.  They represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

Ledbetter v. Goodyear Tire & Rubber Co., Inc., --- U.S. ----, 127 S. Ct. 2162, 2170 (2007) (internal quotations and citations omitted).

"length of the delay" here – 343 days – is unreasonably protracted, even in light of Plaintiff's <u>pro se</u> status. <u>Id.</u> Additionally, the only explanation Plaintiff has offered for the delay, "heedlessness," (Pl.'s Br. at 1), is not a compelling excuse and was certainly "within the reasonable control of the movant." <u>Pioneer</u>, 507 U.S. at 395. Finally, while the Court appreciates Plaintiff's forthrightness in acknowledging that his delay was "heedless[] . . . reckless and inconsiderate," (Pl.'s Br. at 1), such characteristics hardly suggest that Plaintiff's delay was the result of him having "acted in good faith." <u>Pioneer</u>, 507 U.S. at 395.

8. In short, as numerous courts have held, a litigant's protracted and unjustified carelessness alone does not constitute excusable neglect for Rule 60(b)(1) purposes. <u>Kagan</u>, 795 F.2d at 607 (noting that "carelessness on the part of the litigant . . . [does not] provide grounds for relief under Rule 60(b)(1)"); <u>Estate of Sisk v. Manzanares</u>, 270 F. Supp. 2d 1265, 1284 (D. Kan. 2003) (where a litigant's "predicament is simply a product of carelessness," Rule 60(b)(1) relief is not called for). The Court will accordingly deny Plaintiff's motion for relief from its May 17, 2007 Order. The accompanying Order will be entered.


<u>December 5, 2008</u>                    <u>s/ Jerome B. Simandle</u>
Date                                JEROME B. SIMANDLE
                                    United States District Judge